Council for Petitioner Appellant David Foster Attorney Eric Allen will not be arguing today that even though he's entitled to argue he is not doing it but we'll nevertheless hear for the council for the FLE Warden Mr. Lamb are you here it may be a short argument but you're here and if we particularly if we have any questions I think we will ask it so you may take the podium and anyway call the case and we are going to hear the case and we'll recognize council has declined the our invitation to argue 1244 11 David Foster versus Warden Chillicothe Correctional Institute arguments not to exceed 15 minutes Mr. Lamb for the appellee okay Mr. Lamb you may proceed thank you your honor I'm going to shorten my argument considerably I'm going to mention three things I believe this court would like me to analyze the effect of Maples versus Stiegel in the facts of this case I would like to remind the court and I will not argue it but I did suggest a I did argue a procedural default issue in my brief and I would like to point out that the magistrate in this case and mr. magistrate MERS got this case right and and why that is and I believe I can do that in in a very short order okay and Maples versus Stiegel there there was in that case evidence of actual interference by the the prison that does not exist in this case that's the first distinction what about Henderson I'm not don't have at the top of my head okay Henderson is is a case very much like Naples and there was not any intentional interference the the proposition that I think your honor is mentioning is that a mere proffer of an excuse is not enough and I'm not familiar with the facts of Henderson but in this case the the mere proffer of an excuse that maybe it was somebody in the prison that interfered with the mail is not sufficient don't we have facts to support it it's not a proposition that happened no your honor we don't that's exactly the point the appellant relies upon a so-called infamous reputation in the prison but who knows what happened this this the this pleading if it even exists was the Thanksgiving mail backlog that occurs at that time of year you keep your voice out I'm sorry excuse me can you keep your voice up you're traveling at the end of your excuse me I'll go slower your honor there's no indication that anybody in the prison did anything to interfere with this mail the Postal Service could have just been just as likely to have somehow delayed the mail at this time of year as anything else and the appellant wait had 180 days to file this pleading he waits until apparently so he says the last few days to do so and relying on the mail is not the proffer of an excuse that this court should should recognize I'm a little I'm struggling with that a little bit because we looked back at Foster's mailings in the case in general and reviewing the stamps on those documents the shortest time between his submission to the prison and filing at the court appears to have been six days it's the shortest time for all his mailings his mailings apparently were two motions that were recognized in the docket of the state court as being filed on December 7th that's all that evidence indicates is that he mailed two items whatever they were and it's just as possible that he mailed motions as anything else and I might add to the but there's no time stamped or date stamped petition in this case if there were such a petition have been file stamped and date stamped you think that there would be an evidence but it's not there where I'm struggling is with your argument probably is is the Henderson case which Henderson gave his filings to the prison officials five days before the deadline it arrived one day late this is a I think 2000 this is a Sixth Circuit case but unlike in Maples Henderson did not allege any specific conduct by the prison officials that that demonstrated that they had done something incorrect or you know said call me back in two days and I'll give you the price of mailing nothing was that and and what the court what we said was that once the papers are given to the prison it's out of the prisoners control and it's that's the distinction it's not like the other case where the attorney had his papers and refused to drive them over because the postal people promised him he didn't have to the shorter case yeah it's it's I mean doesn't that undercut your argument I mean isn't that what we have isn't that what this case is isn't it exactly Henderson I argue that it should not be my argument your honor is that we don't know it's the mere proffer of an excuse I don't mean to repeat the argument over again but this comes up in a different factual pattern considering the time that it was mailed considering the the the proposition that he had 180 days and I've made that argument already I'm not going to repeat it in this case we don't know what happened to the mail it would be a mistake if I may address your argument a little bit more directly I think it would be a mistake to manufacture a sort of judicial presumption that if it's mailed within or if it's delivered to prison authorities within a specific number of days then this court would set aside the Ohio or in Michigan which is the filing is the filing and I think there's a danger in going there if that were the the direction the court were going I don't think that would be a good thing to do is there a danger on the other side that anytime a prisoner gives a piece of mail counting on it let's say the prisoner gave it three weeks in advance and it didn't show up till a day is he or she just out of luck? Well in that case the the analysis of cause by the state court I assume would be different in this case the the analysis of cause whether well actually in this case the analysis of cause by the state court doesn't even exist at all because the state court said they never got the petition at all and that issue in turn was procedurally defaulted because it was not appealed to the Ohio Supreme Court. Can you keep your voice up at the end of each sentence or maybe it's the direction you're facing? Okay would you wish me to repeat that argument? I lost the end of the sentence. The state court held that the petition was not even received there was no petition received on December 7th and that determination of the state court was not further appealed to the Supreme Court of Ohio and that as I argued in my brief that in turn constitutes a procedural default of that factual issue. I submit finally that the magistrate really got this one right. Well let's say the magistrate didn't and we don't agree that there's procedural default what then? May I say that the magistrate did not analyze that aspect of procedural default that's in my brief I have to tell you in Canada the court that in my 70-page brief in the district court I did not argue that procedural default but you may consider it here and there is a White vs. Mitchell Sixth Circuit case permits you to consider procedural default this particular procedural default even though I did not mention it in the district court. So those are my points. Maples vs. Stiegel doesn't apply for several reasons. First of all Maples vs. Stiegel uses... How about the merits the ineffective assistance of counsel. If you adopt as I submit you should not the de novo approach of Maples vs. Stiegel that's my backup your honor that there is no ineffective assistance of counsel here at all because anything that the witness Robert Parrish would testify to would have to do with the Lusantoville drug factory and I call it that in my brief and I go in all those facts I'm not going to repeat those facts here so that the transaction here that matters is what Johnson's Hotel and the sting operation there so anything that Parrish would testify about would not help the appellant in any way because it has to do with Lusantoville drug factory and that's something that the defense wanted to stay away from as far as they could. Nothing that Mr. Parrish could possibly say about the Lusantoville apartment as I described it in my brief would have helped Mr. Foster. Because the evidence of guilt was not found there the primary evidence of guilt was observed and taped in the hotel. Yes and more than that the appellant was found with 250 grams of heroin under his arm which is sufficient possession and trafficking and he made some admissions thereafter that are recited in the state court's decision that indicate both trafficking and possession were made out at the Johnson's Hotel. So the Lusantoville apartment, Lusantoville drug factory as I characterize it is not going to help Mr. Foster at all. So to summarize even if counsel conduct was deficient it was not prejudicial that doesn't satisfy the second prong. Under the second prong of Strickland I would argue doesn't even meet the first prong because he said we don't want Mr. Parrish here and he said that somewhere in the record and he was absolutely right. Any further questions? Thank you your honor. Thank you for appearing and we appreciate your argument Mr. Lamb. Case will be submitted.